1

2

3

4

5

6
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8
DEIDRA C.,

Plaintiff,

CASE NO. 2:19-cv-01042-BAT

9

10
v.

COMMISSIONER OF SOCIAL SECURITY,

**ORDER REVERSING THE COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS**

11

12
Defendant.

13
Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ

14
misevaluated the opinions of Christopher Dunn, Ph.D., Christine Youdelis-Flores, M.D.,

15
Margaret Green, M.D., and Holly Petaja, Ph.D, Dkt 10, and the Court should reverse and remand

16
the case for further proceedings. *Id.* at 14. For the reasons below, the Court **REVERSES** the

17
Commissioner's final decision and **REMANDS** the matter for further administrative proceedings

18
under sentence four of 42 U.S.C. § 405(g).

19
In assessing the medical opinion evidence, the ALJ first noted treating psychologist

20
Christopher Dunn, Ph.D. opined plaintiff is moderately to markedly limited in the ability to

21
perform basic work activities and markedly limited in her ability to maintain attention,

22
concentration. Tr. 21. The ALJ rejected these opinions first finding the opinions are inconsistent

23
with the doctor's statement "overall she is doing well." *Id.* The ALJ cannot rely on indications

such as a claimant is "'doing well because doing well for purposes of a treatment program has no necessary relation to a claimant's ability to work or to her work-related functional capacity.'" *Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014) Citing *Hutsell v. Massanari*, 259 F.3d at 707, 712 (8th Circuit 2001).

The ALJ also rejected the doctor's opinion as inconsistent with the "fact, in attending school successfully, she was demonstrating the ability to travel to new places and concentrate." Tr. 21. Substantial evidence does not support the finding. Plaintiff testified she attended school for only two hours, Tr. 36; by 11:30 am each day she is tired and "not connecting" with the school or herself, Tr. 45; she is "barely passing or failing" her classes, Tr. 37; and she has been inquiring about accommodations because she is "struggling on tests" and "the comprehension part of the classes." *Id.* The Court accordingly concludes the ALJ erred in rejecting Dr. Dunn's opinions.

The ALJ next reviewed Margaret Green's, M.D. April 2018 letter supporting disability due to mental health disease and opining plaintiff "'has made significant improvements due to tremendous effort on her part but I do not think she could handle the stress of employment.'" Tr. 21. The ALJ noted Dr. Green treated plaintiff for HIV and rejected the doctor's opinion because Dr. Green is not "one of claimant's mental health treatment providers," and because the longitudinal treatment and activities of daily living including successful schooling fail to support this opinion." Tr. 22.

The ALJ erred. Dr. Green is a medical doctor who treated plaintiff. The doctor's opinion cannot be rejected because she is not a mental health specialist, i.e. one of plaintiff's mental health providers. *See, e.g., Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1996) (A treating physician's opinion constitutes "competent psychiatric evidence" and may not be discredited on

the ground that she is not a board-certified psychiatrist.). Here when plaintiff saw Dr. Green, the doctor was presented with numerous diagnoses including "Bipolar 2 Disorder." Tr. 578. While Dr. Green's treatment focuses on plaintiff's HIV, it is clear the doctor knew about plaintiff's mental health problems and in fact referred plaintiff for further psychiatric evaluation and treatment. Tr. 984.

The ALJ also rejected Dr. Green's opinion as inconsistent with the longitudinal treatment record. The ALJ did not specify how or why the treatment record contradicts the doctor's opinion. The ALJ's rationale is thus an invalid conclusory assertion. Additionally, the ALJ's recitation of the plaintiff's treatment record indicates plaintiff has suffered from mental health problems, that her symptoms wax and wane, and that she is still in treatment and receiving medications. Substantial evidence thus does not support the ALJ's finding that the treatment record contradicts Dr. Green's opinions.

And lastly the ALJ rejected Dr. Green's opinions as inconsistent with activities of daily living, noting her "successful schooling." Substantial evidence does not support the findings. Plaintiff lives in a clean and sober house, states she spends most of her time in her room, goes to medical appointments and can shop for herself. These minimal activities do not contradict Dr. Green's opinion plaintiff has significant anxiety., occasional depressive symptoms and episodic debilitating headaches. Additionally, as noted above, plaintiff attends school for two hours a day, states she cannot maintain concentration after that time period, and is barely passing or failing her classes. Plaintiff's school activities do no undermine Dr. Green's activities.

The ALJ also rejected the opinions of treating doctor Christine Youdelis-Flores, M.D. Dr. Youdelis-Flores opined plaintiff was not ready for work and would likely deteriorate if faced with the demands and stress of work. Tr. 22. The ALJ rejected the doctor's opinion as

inconsistent with the minimal information about the claimant's functioning, plaintiff did not require "inpatient psychiatric treatment," and plaintiff showed greater therapeutic success and improvement. The Court rejects the ALJ's rationale. First the statement the doctor's opinion is "inconsistent with the minimal information about the claimant's functioning" makes no sense. It suggests one does not know what claimant's functioning is because there is not enough information to assess her functioning. If this is the case the ALJ was required to develop the record, not reject the doctor's opinion. Second, that plaintiff has not been placed into an inpatient psychiatric treatment facility does not mean she does not have serious mental health problems affecting her ability to work. Otherwise only claimants who receive inpatient treatment would be deemed to have serious mental health limitations. And third the ALJ found plaintiff has enjoyed "therapeutic success" citing to Dr. Dunn's note "She is doing well." Tr. 22 (citing Ex. 8F, p. 7). As noted above this is not a valid basis to reject a medical opinion.

The finally, the ALJ rejected the two opinions Holly Petaja, Ph.D. rendered. After examining plaintiff in 2016, Dr. Petaja opined plaintiff is markedly limited in her ability to understand, persist, remember in tasks following detailed instruction, perform within a schedule, maintain regular attendance and be punctual, adapt to changes in the workplace, communicate effectively and complete a normal work day or week. Tr. 22. The ALJ gave some the opinion some weight based upon Dr. Petaja's conclusion plaintiff is moderately limited overall but rejected the doctor's opinions about plaintiff's marked limitations "in light of claimant's success at drug cessation and success in school." *Id*.

The ALJ did not explain how or why plaintiff's success at drug cessation is grounds to reject Dr. Petaja's opinions. The doctor was aware of plaintiff's past drug use and that plaintiff was living in a "recovery house." Tr. 535. Dr. Petaja also found plaintiff's impairments were not

the primary result of drug use within the past 60 days. Tr. 537. Additionally, as discussed above, the ALJ erred in relying on plaintiff's school performance to reject other medical opinions. The ALJ likewise erred in relying on school performance to reject Dr. Petaja's opinions.

The ALJ also noted Dr. Petaja again examined plaintiff in May 2017 and found plaintiff is severely limited in her ability to understand, persist, remember in tasks following detailed instruction, perform within a schedule, maintain regular attendance, complete a normal work day or week, and is thus markedly limited in her ability to work overall. Tr. 22. The ALJ rejected the opinion on the grounds the record showed plaintiff has improved overtime because she "was maintaining sobriety, attending school and treating with a psychologist." *Id.*

Substantial evidence does not support the finding. Plaintiff's schooling shows struggle, not success. Plaintiff's sobriety has not diminished limitations caused by her mental health conditions. As noted above, Dr. Dunn opined in 2018 plaintiff had marked and moderate limitations. Dr. Green opined in 2018 that despite improvements, plaintiff could not handle the stress of employment. Dr. Youdelis-Flores also opined in 2018 plaintiff was not ready for work and would likely deteriorate with the demands and stress of work. Dr. Petaja's 2017 opinion is not inconsistent with the opinions of the treating and other examining doctors. The ALJ thus erred in concluding plaintiff was showing improvement that was inconsistent with Dr. Petaja's opinion.

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

/

/

On remand, the ALJ shall reassess the opinions of Christopher Dunn, Ph.D., Christine Youdelis-Flores, M.D., Margaret Green, M.D., and Holly Petaja, Ph.D.; develop the record and redetermine plaintiff's RFC as needed and proceed to the remaining steps as appropriate.

DATED this 24th day of February, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge